UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| S.R., a minor child by next friend Lonnie Washburn,<br><br>      Plaintiff,<br><br>v.<br><br>UTAH COMMUNITY ACTION and UTAH HEAD START,<br><br>      Defendants. | **ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 13)**<br><br>Case No. 2:20-cv-00911-TC-DAO<br><br>Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff's Motion for Appointment of Counsel (Doc. No. 13). Plaintiff has appeared *pro se* in this case and is proceeding *in forma pauperis*.

While defendants in criminal actions have a constitutional right to representation by an attorney, (U.S. Const. amend. VI; Fed. R. Crim. P. 44), "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915, which allows a court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). The applicant bears the burden of convincing the court his claim merits the court's appointing counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks*

1

*v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

Plaintiff asks the court to appoint counsel but states no basis for the request, other than the fact that the court has approved his application to proceed *in forma pauperis*. (Doc. No. 13.) This argument is insufficient to warrant appointment of counsel in a civil case. The court finds Plaintiff has not met his burden to justify his request for counsel. Accordingly, the court DENIES Plaintiff's Motion for Appointment of Counsel (Doc. No. 13) without prejudice.

DATED this 24th day of February, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge