# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

FILED US District Court-UT
MAR 02 '21 PM02:38

| | |
|---|---|
| S.R., a minor child by his Next Friend, Lonnie Washburn<br><br>v.<br><br>Utah Community Action, et al | Case: 2:20-cv-00911<br>Judge: Tena Campbell<br>Magistrate: Daphne A Oberg<br><br>**MEMORANDUM FOR MOTION TO APPOINT NEXT FRIEND** |

S.R. is an unrepresented minor in the above styled case. He lives with with his Foster Dad, Lonnie Washburn, who is petitioning the Court to be appointed Next Friend.

- Mr. Washburn is a duly licensed foster parent by the state of Utah. (SEE EXHIBIT 1)

- S.R. just turned five years old and has lived with Mr. Washburn nearly half of his life.

- Mr. Washburn is the only father figure S.R. Has ever known.

- S.R. calls Mr. Washburn 'Daddy'.

- Mr. Washburn is in the process of adopting S.R.

S.R. has never had a recognized father, legally or otherwise, and his mother's rights were terminated by a court. S.R. currently has no representation in this case.

> **F.R.C.P. Rule 17 (c) 2 A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.**

Recognizing the importance of minors access to t he courts, Rule 17 provides for the appointment of a Next Friend Next Friend for an unrepresented minor. Historically, the U.S. Supreme Court has used a "significant connection" test to determine eligibility as Next Friend. The Supreme Court in Whitmore v. Arkansas required a next friend to have (1) an adequate explanation of why the real party in interest cannot file the petition himself; and (2) the third party "must be truly dedicated to the best interests of the person."

Requirement 1 is clearly satisfied by by the fact S.R. Is a minor under the age of 14.

Requirement 2 is also satisfied. The Petitioner isn't an absent foster parent warehousing S.R. until someone else comes along. The Petitioner has bonded with S.R. He has raised him half of his life. He has signed an Intent to Adopt, and is currently in following through with that process. Given the limited circumstances foster children have to make connections, the one between the Peritioner and S.R. Is truly significant.

Requirement 1 is clearly satisfied by by the fact S.R. is a minor under the age of 14.

Requirement 2 is also satisfied. The Petitioner isn't an absent foster parent warehousing S.R. until someone else comes along. The Petitioner has bonded with S.R. He has raised him half of his life. He has signed an Intent to Adopt, and is currently following through with that process. Given the limited circumstances foster children have to make connections, the one between the Peritioner and S.R. Is truly significant.

The First Circuit Court of Appeals recognized the difficulties foster children have forming

In Carcieri, the Federal Court dismissed the case on narrow, technical grounds, finding that the proposed Next Friends lack standing to bring suit on behalf of the plaintiffs. The court held next friends must have "substantial relationship" to the minor they serve, giving an extremely narrow interpretation to existing case law and severely limiting foster youth's ability to bring suit. Plaintiffs filed an appeal in August 2009. NCYL, Along with other children's legal organizations, filed an amicus brief in August 2009 in support of plaintiffs appeal. On June 18, 2010, the first circuit reversed the district courts dismissal of the case. The appellate court remanded the case and instructed the lower court to allow the Next Friends to represent the named plaintiffs. The first circuit noted that law does not compel a guardian ad litem to act as the next friend in lawsuits outside the proceedings for which the guardian is appointed. It should be noted that of the three proposed Next Friend in Carcieri, one was a foster parent Who had one plaintiff for a few months, one a school guidance counselor, and the other a college professor with no relationship to any of the children.

Foster Children do not have the same opportunities traditionally privileged children do to form connections, and that should be considered when evaluating Next Friend eligibility. Even under less favorable circumastances, S.R. and Mr. Washburn have bonded extremely well. The Petitioner has no interests that conflict with S.R.'s best interest, and asks the court to grant this.

Filed 02/28/2024

*[signature]*

Londre Washburn
3910 S. Main St, 209
Salt Lake City, UT 84107
801-548-6884